[671 NYS2d 120]

In the Matter of JOHN G. McDONALD (Admitted as JOHN GARRETT McDONALD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 13, 1998

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

*H. Elliot Wales,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition dated January 13, 1997, containing one charge of professional misconduct against him. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in response, accepting the Special Referee's findings and proposing a program of psychotherapy and review.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

On or about May 25, 1995, the respondent made approximately five telephone calls from approximately 2:14 A.M. through 3:04 A.M. and left recorded messages on the answering machine of Ray Halbritter, a representative of the Oneida Indian Nation. The respondent's repeated telephone messages contained vulgar and threatening language.

The respondent testified that the voice on the tape sounded similar to his voice but sounded "drunk or something". He admitted that it was possibly his voice. The respondent further testified that he fell asleep on or about May 25, 1995, watching a videotape concerning Ray Halbritter continuing his leadership as the Oneida Indian Nation's representative. When questioned whether the words of the caller represent the respondent's thoughts he replied: "The general gist of it, it makes sense to me. A lot of the phraseology doesn't make sense". The respondent admitted that the number left on one of the telephone messages was his.

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including his claim that he no longer uses alcohol, the progress he has made in therapy, and the isolated nature of the May 1995 incident. Notwithstanding the mitigation of-

fered by the respondent, the subject telephone messages were threatening or harassing in nature and a reasonable attorney should have known that such calls were violative of even minimal professional standards. Moreover, the respondent was issued a Letter of Admonition in 1991 based on his violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]) for commingling and failing to maintain proper books.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John G. McDonald, is censured for his professional misconduct.